IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DONNA SIDELL,<br><br>   Plaintiff<br><br>v.<br><br>MEDMARK SERVICES, INC. and BAYMARK SERVICES, INC.<br><br>   Defendants | CIVIL ACTION FILE NO.<br><br>2:16-cv-176-WCO |

## COMPLAINT

Plaintiff DONNA SIDELL brings this Complaint for damages and other relief against Defendants MEDMARK SERVICES, INC. and BAYMARK SERVICES, INC. and alleges as follows.

## INTRODUCTION

This is an action for unpaid overtime wages pursuant to § 216(b) of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

1

## PARTIES

1. Plaintiff Donna Sidell ("Plaintiff" or "Sidell") is a citizen of Georgia and resides in Blairsville, Georgia.

2. Defendant MEDMARK SERVICES, INC. ("MedMark") is a Delaware corporation.

3. MedMark's principle office is located at 401 E. Corporate Drive, Suite 220, Lewisville, TX 75057.

4. MedMark may be served with process by delivering copies of the Summons and this Complaint to MedMark's registered agent, The Corporation Trust Company, located at Corporation Trust Center, 1209 Orange St., Wilmington, Delaware, 19801.

5. Defendant BAYMARK SERVICES, INC. ("BayMark") (collectively with MedMark, "Defendants") is a Delaware corporation.

6. BayMark's principle office is located at 401 E. Corporate Drive, Suite 220 Lewisville, TX 75057.

7. BayMark may be served with process by delivering copies of the Summons and this Complaint to BayMark's registered agent, The Corporation Trust

Company, located at Corporation Trust Center, 1209 Orange St., Wilmington, Delaware, 19801.

8. Upon information and belief, MedMark was merged into BayMark in 2015, and the surviving entity, BayMark, is now liable for the legal obligations of MedMark.

## JURISDICTION

9. The Court has original jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. § 1331, because Plaintiff's claims raises a question of federal law.

10. The Court has personal jurisdiction over Defendants, because Defendants operate a methadone treatment clinic in Georgia, and Plaintiff's claims arise out of her employment at that clinic.

## VENUE

11. Under 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within the Northern District of Georgia.

12. Pursuant to Local Rule 3.1(B)(1)(a) and § 1391(d), venue is proper in the Gainesville Division, because the activity from which the cause of action arose took place in Union County.

## COUNT 1
## REFUSAL TO PAY OVERTIME

13. Plaintiff restates and incorporates into this count all previous allegations.

### COVERAGE

14. Plaintiff worked as an employee of Defendants from June 2, 2014 to January 6, 2016.

15. While working for Defendants, Plaintiff was engaged in interstate commerce and/or in the production of goods for commerce.

16. Defendants qualify as "employers" within the meaning of the FLSA. 29 U.S.C. § 203(d).

17. Plaintiff was an "employee" within the meaning of the FLSA. 29 U.S.C. § 203(e).

18. In the three years prior to the filing of this Complaint, Defendants have been and continue to be engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA.

19. In the three years prior to the filing of this Complaint, Defendants have been and continue to be "employers" engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA.

20. In the three years prior to the filing of this complaint, Defendants have employed one or more individuals who handled materials that traveled in interstate commerce.

21. In each of the three years prior to the filing of this complaint, Defendants had an annual gross volume of sales made or business done in excess of $500,000.

22. Defendants' individual annual gross volume of sales made or business done in the current calendar year will exceed $500,000.

## REFUSAL TO PAY OVERTIME

23. At all times relevant, Defendants paid Sidell an hourly rate of $13.10 per hour.

24. Sidell was employed at the Defendants' methadone clinic in Blairsville, Georgia.

25. Sidell worked for the Defendants as a rehab counselor.

26. Sidell's assigned regular schedule was Monday through Friday, 5:00 AM to 1:30 PM, with a half-hour break for lunch.

27. In actual practice, Sidell worked longer than 40 hours per week.

28. Sidell typically arrived early in the mornings.

29. Sidell typically departed late in afternoons.

30. Defendants knew that Sidell was coming in early and leaving late.

31. Defendants permitted Sidell to come in early and leave late.

32. Defendants consistently and willfully refused to pay Sidell overtime for hours worked in excess of 40 per week.

33. In addition, on one occasion, Sidell was required to attend a company function for 2.5 hours, in addition to her regular time

34. Defendants refused to pay Sidell for her attendance at the company function.

35. Sidell was also required to attend afternoon meetings, for which no overtime was paid.

36. Defendants violated the FLSA when they refused to pay Sidell overtime for work performed in excess of forty (40) hours per week.

## PRAYER FOR RELIEF

Based on the allegations set forth in this Complaint, and the evidence as it is developed in this case, Plaintiff respectfully prays that:

(a) A declaratory judgment against the Defendants that they violated the FLSA;

(b) A declaration that the violation was willful;

(c) A monetary judgment jointly and severally against the Defendants, including:

  i) Unpaid wages and overtime,

  ii) Liquidated damages,

  iii) Reasonable costs and attorney fees, and

      iv)    Prejudgment interest;

(d)    Such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rules of Civil Procedure 38, Plaintiff demands a jury trial on all issues triable by a jury.

Respectfully submitted: July 19, 2016.

| | |
|---|---|
| **MAYS & KERR, LLC**<br>235 Peachtree St.<br>North Tower \| Suite 202<br>Atlanta, GA 30303<br>T: (404) 410 – 7998<br>F: (877) 813 – 1845 | /s/ James Craig<br>James Craig<br>Georgia Bar No. 940586<br>james@maysandkerr.com<br><br>Counsel for the Plaintiff |